IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAIME RIVAS,
On behalf of himself and all others
similarly situated                                              PLAINTIFF

v.

CALIBER HOME LOANS, INC.                              DEFENDANT

## CLASS ACTION COMPLAINT

1.      Defendant Caliber Home Loans, Inc. ("Caliber") routinely and systematically breaches uniform covenants in mortgages guaranteed by the Federal Housing Administration by assessing fees to borrowers that are either not authorized by or expressly prohibited by their mortgage agreements.

2.      Caliber is one of the largest mortgage lenders and servicers of residential mortgages in the country.

3.      A mortgage servicer, such as Caliber, typically is not owed the underlying debt but instead works for the creditor by performing the everyday tasks of managing the loan, such as by collecting payments, managing escrow accounts, reviewing loan-modification applications, and handling foreclosures.

4.      As a servicer of FHA-insured loans, Caliber is bound by the rules and regulations of the Secretary of Housing and Urban Development, and those rules are incorporated by reference into all FHA-insured mortgages.

5.      FHA rules expressly prohibit lenders and servicers of FHA loans from charging any fee to a borrower for requesting two payoff statements during a calendar

year and, after those two, allow a maximum fee of only $10.00 for each additional request during the year.

6.    Plaintiff Jaime Rivas had an FHA-insured mortgage that was originated and serviced by Caliber.

7.    In October 2019, Caliber charged Mr. Rivas $24.00 for requesting a payoff statement. Under no circumstances should that fee have exceeded $10.00.

8.    On behalf of himself and all others similarly situated, Plaintiff seeks injunctive, declaratory, and compensatory relief against Caliber for its breaches of contract and violations of the Texas Debt Collection Practices Act.

## PARTIES

9.    Plaintiff Jaime Rivas is a citizen of the State of Texas who resides in Corpus Christi.

10.    Defendant Caliber Home Loans, Inc., is incorporated in the State of Delaware and maintains its principal place of business in Coppell, Texas.

## JURISDICTION AND VENUE

11.    Because Caliber maintains its principal place of business in the State of Texas, its contacts here are systematic and continuous such that it is subject to general personal jurisdiction in this State.

12.    Venue is proper in this District because a substantial part of the events giving rise to the claims in this action occurred in Corpus Christi, Nueces County, Texas.

13.     Minimal diversity exists in this action because members of the proposed Class are citizens of States other than Texas. 28 U.S.C. § 1332(d)(2)(A). Furthermore, on information and belief, the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00.

14.     Caliber is one of the largest mortgage lenders and servicers in the United States. The Class in this lawsuit is believed to consist of hundreds of thousands of members.

15.     To date, Plaintiff has incurred no less than $14.00 in damages. Thus, the amount in controversy in this action, exclusive of costs and interest, exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(d).

## COMMON FACTUAL ALLEGATIONS

## FHA SERVICING RULES

16.     The Federal Housing Administration, an agency within the United States Department of Housing and Urban Development, "provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories."[1]  The FHA "is one of the largest insurers of mortgages in the world, insuring more than 46 million mortgages since its inception in 1934."[2]

---

[1] HUD.gov – The Federal Housing Administration (FHA), https://www.hud.gov/program_offices/housing/fhahistory  (last visited on November 25, 2019).
[2] *Id.*

3

17.    The FHA provides incentives to private lenders to make loans to would-be homebuyers whose creditworthiness and inability to contribute a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

18.    To achieve that goal, "FHA mortgage insurance provides lenders with protection against losses if a property owner defaults on their mortgage. The lenders bear less risk because FHA will pay a claim to the lender for the unpaid principal balance of a defaulted mortgage."

19.    "Only FHA-approved Mortgagees may service FHA-insured Mortgages," and those "Mortgagees may service Mortgages they hold or that are held by other FHA-approved Mortgagees." Ex. 2, FHA Single Family Housing Policy Handbook ("FHA Handbook") at p. 3, § III.A.1.[3]

20.    Caliber is an FHA-approved Mortgagee.

21.    As an FHA-approved Mortgagee, Caliber must annually "acknowledge that the Mortgagee is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks, Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing regulations and laws including but not limited to 24 CFR § 5.105, Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act) and Title VI of the Civil Rights Act of 1964."[4]

---

[3] The pagination for pinpoint citations will be to the page numbers supplied by CM/ECF.

[4] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016,

22.    HUD's servicing requirements, which are found in the FHA Handbook, restrict the fees and charges an FHA-approved Mortgagee may collect from the typically lower-income FHA borrower.

23.    The FHA Handbook devotes a chapter to the "Servicing of FHA-Insured Mortgages." Ex. 2 at p 3.

24.    "Only FHA-approved Mortgagees may service FHA-insured Mortgages." *Id.*, § III.A.1.

25.    HUD makes clear "[t]he Mortgagee must fully comply with all of the following standards and procedures when servicing a Mortgage insured by the Federal Housing Administration (FHA)." *Id.*, § III.A.

26.    In addition to requiring FHA-approved Mortgagees to comply with applicable laws, HUD further restricts their activities for the protection of borrowers: "FHA requirements that are more stringent or restrictive than those provided for in applicable law are set forth in this *S[ingle] F[amily] Handbook* and the Mortgagee ***must*** comply with these requirements." *Id.*, § III.A.1.a.ii.(A). (emphasis added).

27.    These mandatory restrictions include limits on the types and amounts of fees and charges an FHA-approved Mortgagee may collect from a borrower.

28.    FHA-insured mortgages contain uniform covenants.

29.    In one such uniform covenant, the parties to the mortgage agree that "Lender may collect fees and charges ***authorized*** by the Secretary [of Housing and

---

https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last visited on November 25, 2019).

Urban Development]." Deed of Trust, attached here as Exhibit 1, at ¶ 13 (emphasis added).

30.     The FHA Handbook has a corresponding section entitled "Servicing Fees and Charges," that establishes allowable fees and charges authorized by the HUD. (Ex. 2 at 5, § III.A.1.f.)

31.     Specifically, the FHA Handbook defines "Allowable Fees and Charges a[s] those costs associated with the servicing of the Mortgage that are permitted to be charged to the Borrower," and defines "Prohibited Fees and Charges a[s] those costs associated with the servicing of the Mortgage that may not be charged to the Borrower." *Id*., § III.A.1.f.i.

32.     The HUD Handbook prohibits charging a fee for "providing information essential to the Payoff" of a mortgage. *Id*. at 6, § III.A.1.f.ii.(C).

33.      The only exception to this prohibition is that FHA-approved Mortgagee may charge a maximum fee of $10.00 "after two payoff statements have been provided free of charge for the calendar year." *Id*. at 7–13, Appendix 3.0.

## PLAINTIFF'S ALLEGATIONS

34.     Plaintiff executed a standard form FHA mortgage to purchase his home. Ex. 1.

35.     Section 13 of his form FHA-insured mortgage, entitled "Loan Charges," states, "Lender may collect fees and charges *authorized* by the Secretary [of Housing and Urban Development]." *Id*. at 10 (emphasis added).

6

36.    As alleged above, Caliber charged Mr. Rivas $24.00 for a payoff statement in October 2019.

37.    Pursuant to the FHA rules incorporated into Mr. Rivas's standard FHA-insured mortgage, Caliber was permitted to charge a maximum of $10.00 for a payoff statement.

38.    When selling or refinancing a residential loan, the title company or bank routinely requests the amount of money required from the mortgagor in order to pay off the note and release the mortgage lien. This request is to ensure that the mortgage servicer will release the lien and that the precise amount that will pay the loan in full is collected at closing.

39.    In providing the payoff amount, Caliber charges the mortgagee a fee of $24, and refuses to release the lien without collection of the full amount of the mortgage owed plus the payoff statement fee added thereto.

40.    If the mortgagee refuses to pay this additional non-contractual charge, Caliber will not release the lien and the closing does not take place, thus the sale or refinance is not completed.

41.    Thus, paying these fees is not voluntary because refusing to do so would tank the home sale or refinancing.

42.    Mr. Rivas was forced to obtain, and pay $24.00 for, a payoff statement when he sold his home in October 2019.

**CLASS ALLEGATIONS**

43.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a).

44.     Plaintiff seeks certification of the following class:

All persons in the United States (1) with an FHA-insured mortgage (2) serviced by Caliber (3) who were charged any amount for receiving their first two payoff statements in any calendar year or who were charged more than $10.00 for receiving additional payoff statements, and (4) whose mortgages contain or contained language the same as or substantially similar to the uniform covenants in the Security Instrument.

45.     Plaintiff reserves the right to modify or amend the proposed class definitions before the Court determines whether certification is appropriate.

46.     Excluded from the Class are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

47.     The members of the Class are so numerous that joinder is impractical. While the exact number of members of the Class cannot be determined without discovery, Plaintiff believes that the Class consists of at least thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendant.

48.     The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, has an FHA-insured mortgage serviced by Defendant and was charged a payoff-statement fee in violation of HUD rules and regulations that were expressly incorporated in his mortgage.  As such, the factual basis of Caliber's misconduct is common to all members of the Class.

49.     There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual members of the Class.

50.     The predominating common questions of law and fact include:

a.      Whether, and in what amount, Caliber may charge a payoff-statement fee to borrowers with FHA-insured Security Instruments;

b.      Whether charging such fees violates HUD rules and regulations;

c.      Whether charging such fees violates provisions of the Plaintiff's Security Instrument;

d.      Whether Defendant will release its lien if the payoff statement fee is not paid; and

e.      What is the proper method or methods by which to measure damages caused by Caliber's breaches of the standard terms of FHA Security Instruments.

51.     Plaintiff's claims are typical of the claims of other members of the Class, in that they arise out of the same acts by Caliber, namely assessing fees to borrowers

that are not permitted by contract. Plaintiff has suffered the harms alleged and has no interests antagonistic to the interests of any other member of the Class.

52. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the members of the Class.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Caliber, no member of the Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and Caliber's misconduct will proceed without remedy.

54. Even if members of the Class could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

55. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Class as a whole.

## CLAIMS FOR RELIEF

## COUNT I: BREACH OF CONTRACT

56. Plaintiff incorporates paragraphs 1 through 55.

57. Plaintiff performed all conditions precedent to enforcing the terms of his Security Instrument.

58. Contrary to the express terms of the Security Instrument, Caliber charged Plaintiff more than double the amount allowed for a payoff statement under FHA rules.

59. Caliber's breach caused Plaintiff's damages.

60. On behalf of the Class, Plaintiff seeks declaratory, compensatory, and injunctive relief as this is a harm capable of repetition yet evading review.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Court:

1. Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, that Plaintiff is a proper class representative and that his counsel are appointed Class Counsel;

2.    Award compensatory damages and restitution in the amount of all payoff-statement fees charged in excess of the HUD-prescribed limit to members of the Class, and interest on those fees;

3.    Award actual damages in an amount according to proof;

4.    Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have been charged, but not yet paid by, Plaintiff and members of the Class;

5.    Award injunctive relief to enjoin Defendant's wrongful acts and further violations of Plaintiff's and the Class's rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

6.    Award pre-judgment interest at the maximum rate permitted by applicable law;

7.    Enter a declaratory judgment that Defendant, through its wrongful actions, has kept and continues to keep for itself, benefits that are due and owed to Plaintiff and members of the Class;

8.    Award reasonable attorneys' fees and costs pursuant to applicable law; and

9.    Award such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff and the Class hereby request a trial by jury.

*/s/ Randall K. Pulliam*

**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam – rpulliam@cbplaw.com
Hank Bates – hbates@cbplaw.com
Lee Lowther – llowther@cbplaw.com
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505